UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARCELORMITTAL INTERNATIONAL AMERICA, LLC | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | PURSUANT TO RULE 9(H), FEDERAL RULES OF CIVIL PROCEDURE |
| MV SIGRUN BOLTEN, her engines, tackle, boilers, etc. *in rem*, and ONEGO SHIPPING & CHARTERING B.V., *in personam* | ADMIRALTY |
| Defendants. | |

## PLAINTIFF'S VERIFIED COMPLAINT

TO THIS HONORABLE UNITED STATES DISTRCT JUDGE:

COMES NOW Plaintiff, ARCELORMITTAL INTERNATIONAL AMERICA, LLC (hereinafter "Plaintiff") by and through its attorneys, SPAGNOLETTI & CO., and as and for its Verified Complaint against the MV *Sigrun Bolten*, her engines, tackle, boilers, etc. *in rem* (hereinafter the "Vessel"), and Onego Shipping & Chartering B.V. (hereinafter "Onego"), *in personam,*(collectively "Defendants") would, upon information and belief, show as follows:

1. All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, pursuant to Article III, section 2 of the U.S. Constitution, and 28 U.S.C. § 1333. The *in rem* claim is asserted against the Vessel pursuant to Supplemental Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims, Federal Rules of Civil Procedure, and the maritime law of the United States.

2. Venue is proper pursuant to Rule 82, Federal Rules of Civil Procedure.

1

3. At and during all the times hereinafter mentioned, Plaintiff was a Delaware limited liability company with its principal place of business in Illinois.

4. At and during all the times hereinafter mentioned, the Vessel was a Liberia flagged general cargo ship of 29,534 deadweight tons, built in 1997, LR/IMO No. 9149665.The Vessel transported the steel cargo made the subject of this claim from Bilbao, Spain, to three United States' ports, Houston, Texas, Savannah, Georgia, and Mobile, Alabama.

5. At and during all the times hereinafter mentioned, Onego was and now is a corporation or other business entity organized and existing under and by the virtue of foreign law, with an office and place of business located at Spui 24, 3161 ED Rhoon, the Netherlands.  Upon information and belief Onego was and now is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the Vessel, named as common carriers of merchandise by water for hire. In accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Plaintiff hereby forwards duplicate originals of process with this Verified Complaint, in English, to the Central Authority for the Netherlands, to wit:  De Officier van Justitie, Postbus 20302, 2500 EH, The Hague, Netherlands, for service on Onego Shipping & Chartering B.V. at its home office, Spui 24, 3161 ED Rhoon, the Netherlands.

6. At and during all the times hereinafter mentioned, the Vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

7. On or about December 30, 2011, cargos of steel products were delivered in good order and condition to Defendants in Bilbao, Spain, to be transported by sea to the U.S. ports identified

herein. Defendants then and there accepted said shipments, so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the ports of destination identified herein, and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee, Plaintiff herein.

8. The Defendants, owners, charterers, or carriers issued bills of lading numbered ONESIGBIL121101, ONESIGBIL121102, ONESIGBIL121103, ONESIGBIL121106, ONESIGBIL121108, ONESIGBIL121109, ONESIGBIL121110, ONESIGBIL121111, ONESIGBIL121117, ONESIGBIL121118, on or about December 30, 2011, covering the aforementioned cargo of steel products, all of which moved under the issued bills of lading, or other contracts or agreements, and Plaintiff here sues pursuant to such agreements, and at law.

9. Thereafter, the Vessel arrived at the ports of destination, where Defendants made delivery of the shipments, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value, and damaged and deteriorated, including but not limited to by denting, bending, scratching, rusting, and other types of physical damage, all in violation of Defendants' obligations and duties as common carriers of merchandise by water for hire.

10. Plaintiff is the consignee and owner of the shipments of steel cargo at issue in this action, and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who are, or who may be or become interested in the said shipments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action, and to so act.

11. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid by Defendants, although duly demanded, in the

sum of at least US $98,093.80, plus interests and costs, and for which sum Plaintiff brings this action, and to enforce its maritime lien against the Vessel, *in rem*, and against Onego, *in personam*.

12. The damage, delay and shortage to the cargo was the direct and proximate result of the acts or failures to act of the Defendants herein, which constitute negligence, breach of contract(s) of carriage, breach of contract of bailment, unseaworthiness, deviation and/or breach of the implied and/or express warranties on the part of the Defendants, while the cargo was in the Defendants' care, custody, and/or control.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

B. That if Defendants cannot be found within this District, then all their property within this District be attached in the sum of US $98,093.80, interest thereon and costs, the sum sued for in this Complaint;

C. That Judgment be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages together with interest and costs and the disbursements of this action;

D. That process is due form of law according to the practice of this Court in causes of admiralty and maritime claims, issue against the M/V *Sigrun Bolten*, her engines, tackle, boilers, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the Vessel may be condemned and sold to pay therefore; and

E.	That this Court grant to Plaintiff all such other and further relief, to which it may show itself entitled, in law or in equity.

            Respectfully submitted,

            */s/ David S. Toy*
            David S. Toy
            Texas SBN 24048029 / SDTX ID 588699
            401 Louisiana Street, 8th Floor
            Houston, TX 77002
            Telephone:	713 653 5600
            Facsimile:	713 653 5656
            Email:	dtoy@spaglaw.com

**OF COUNSEL:**

**SPAGNOLETTI & CO.**

**NICOLETTI HORNIG & SWEENEY**
James F. Sweeney
Cali L. Eckler
Wall Street Plaza
88 Pine Street
New York, NY 10005
Telephone:	212 220 3830
Facsimile:	212 220 3780
Email:	JSweeney@nicolettihornig.com
Email:	CEckler@nicolettihornig.com

  *Attorneys for Plaintiff ArcelorMittal International America, LLC*

5

## VERIFICATION OF DAVID S. TOY

STATE OF TEXAS § 
§ 
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared deponent David S. Toy, who known to me and being duly sworn, declared as follows:

1. My name is David S. Toy. I am over 18 years of age, have never been convicted of a felony, and otherwise am fully competent and able to make this Verification. Accordingly, the statements contained herein are within my personal knowledge and are true and correct.

2. I am one of the attorneys for Plaintiff ArcelorMittal International America, LLC, in the above captioned matter. I have read the foregoing Plaintiff's Verified Complaint and know the contents thereof. The allegations contained therein are true and correct to the best of my knowledge, information and belief. The source of my information and ground for my belief as to the truth of the allegations are documents and records of the Plaintiff.

3. The reason that this verification is being issued by deponent and not by Plaintiff is that Plaintiff is a limited liability company, none of whose officers are presently within this District.

Further Affiant sayeth not.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
David S. Toy

Subscribed to and sworn before me, the undersigned Notary Public, this 29th day of January, 2015.

_____
Notary Public, State of Texas

NANETTE HARTDEGEN
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
02-14-2017